By the Court :
To reverse a judgment rendered by the circuit court of Franklin county on the 7th day of March, 1895, a petition in error was filed in this court on the 4th day of September, 1895, and on the same day a summons was issued, directed to the sheriff of Franklin county, who received and served it on the next day. The sheriff who received and served the writ being the plaintiff in error, a motion to set aside the service was sustained on the 22d day of October, 1895, the court holding that the writ should have been directed to the coroner. On the next day another summons was issued, directed to the coroner, who made personal service thereof on the day following. This writ having been issued .and served after the expiration of six months from the rendition of the judgment sought to be reversed, the present motion was filed on the 12th day of November, 1895, to dismiss the petition in -error, on the ground that the proceeding in error was not commenced within the time allowed by law. The question is thus presented, whether section 4988, of the Revised Statutes, is applicable to proceedings in error, and if so, has the plaintiff in *151 error complied with, its provisions? In the case of Robinson v. Orr, 16 Ohio St., 285, the court held that section 20, of the Civil Code, furnished the rule for determining when a proceeding in error should be deemed commenced; and that decision has been repeatedly approved and followed. The section referred to then embraced what are now sections 4987 and 4988, of the Revised Statutes, which read as follows: “Section 4987. An action shall be deemed commenced, within the meaning of this chapter, as to each defendant, at the date of the summons which is served on him, or on a eo-defendant who is a joint contractor, or otherwise united in interest with him; and when service by publication is proper, the action shall be deemed commenced at the date of the first publication, if the publication be regularly made.”
“Section 4988. An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this chapter, when the party diligently endeavors to procure a service; but such attempt must be followed, by service within sixty days.”
While it is true that the decision of Robinson v. Orr has more direct reference to the applicability of the first clause of section 20,' of the Civil Code, to proceedings in error, which clause now constitutes section 4987 of the Revised Statutes quoted a Dove, we see no reason why the last clause, which is now section 4988, should not also be applicable; it is a part of the rule prescribed for determining when an action is to be deemed commenced, and is, in its nature, as applicable to proceedings in error as the first clause. It would, therefore, seem but reasonable that if part of the rule should be. applied by analogy to proceedings in error, the whole of it should be. The decision mentioned rests largely *152 upon that provision of section 515 of the Code, now sectiojo. 6713 of the Revised Statutes, relating’ to the commencement of a proceeding in error, which requires that, when a petition in error is filed, “a summons shall issue and be served, or publication made, as in the commencement of an action.” And, though section 20 (sections 4987, 4988), is expressly limited in its provisions to original actions, yet, as a proceeding in error is commenced by the issuing and service of summons, as in the commencement of an original action, it is said, that “no good reason is perceived for adopting’ a different rule ’ ’ in error cases, from that prescribed by the section for determining when an action shall be deemed commenced. And upon the same reasoning it would seem that, if an attempt to commence an action, under the conditions mentioned in section 4988, is to be deemed equivalent to its commencement in one class of cases, it should also be in the other. The rule established in so holding is certain and of easy application.
We are also of the opinion the plaintiff in error has shown a compliance with the requirements of the statute. He attempted to commence his proceeding in error, by filing his petition and causing a summons to be issued and served, in proper time; the service proved ineffectual, and was set aside, and that was followed promptly by a new writ and valid service within sixty days. True, the ineffectual service was the result of his own mistake, but there are provisions of the Code which were designed to relieve parties from the harsh consequences of mistakes made in proceedings under it, by permitting their timely correction, and those of section 4988 are of that character.

Motion ov&iTuled.